AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| AARNO OLAVI LIUKSILA | ) ) ) ) |
| *Petitioner* | ) |
| v. | ) Case No. _____ |
| Loretta E. Lynch | ) *(Supplied by Clerk of Court)* ) ) |
| *Respondent* | ) |
| *(name of warden or authorized person having custody of petitioner)* | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:   Aarno Olavi Liuksila

    (b) Other names you have used:   N/A

2.  Place of confinement:

    (a) Name of institution:   Current Bail Status Is Release On Personal Recognizance

    (b) Address:   3259 P Street, NW

    Washington, DC 20007

    (c) Your identification number:   N/A

3.  Are you currently being held on orders by:

    ☑ Federal authorities   ☐ State authorities   ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

       (a) Name and location of court that sentenced you:

       (b) Docket number of criminal case:

       (c) Date of sentencing:

    ☐ Being held on an immigration charge

    ☑ Other *(explain):*   Liuksila is being held, subject to bail conditions set by the Court, pending his extradition to Finland to face criminal charges asserted in that country. As such, he is within the custody of the United States and is eligible to Petition for Habeas Relief, pursuant to 28 U.S.C. Sec. 2241.

**PLEASE NOTE: This Petition is intended to preserve Liuksila's rights and grounds for habeas relief. The parties intend to brief all of the issues raised by this Petition, and will submit a joint proposed briefing schedule to the Court shortly. Thereafter, Liuksila will submit a full Supporting Memorandum addressing all of his grounds for habeas relief in greater detail.** Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other *(explain):*    On January 6, 2016, Magistrate Judge Deborah A. Robinson certified Liuksila's extradition to Finland to stand trial for criminal offenses alleged in that country. Mr. Liuksila, who has lived in the U.S. for decades, asserts that his extradition would violate the laws, treaties, and Constitution of the United States.

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    U.S. District Court for the District of Columbia, Magistrate Judge Deborah A. Robinson, Washington, District of Columbia

(b)  Docket number, case number, or opinion number:    Case No. 1:13-mj-00970-JMF

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):* Certification and Committal For Extradition (Dkt. No. 47), and accompanying Memorandum Opinions (Dkt Nos. 28, 45).

(d)  Date of the decision or action:    01/06/2016

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes                    ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:   "An individual challenging a court's extradition order may not appeal directly, because the order does not constitute a final decision under 28 U.S.C. § 1291, but [the individual] may petition for a writ of habeas corpus." Hoxha v. Levi, 465 F.3d 554, 560 (3d Cir. 2006).

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes                ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:   Direct appeal is not available in extradition proceedings. See Hoxha, 465 F.3d at 560.

9.  **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:    Direct appeal is not available in extradition proceedings. See Hoxha, 465 F.3d at 560.

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

Page 5 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes        ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody:

(b)    Date of the removal or reinstatement order:

(c)    Did you file an appeal with the Board of Immigration Appeals?

    ☐ Yes        ☐ No

    If "Yes," provide:

    (1) Date of filing:

    (2) Case number:

    (3) Result:

    (4) Date of result:

    (5) Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?

    ☐ Yes        ☐ No

    If "Yes," provide:

    (1) Name of court:

    (2) Date of filing:

    (3) Case number:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes             ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   The Extradition Treaty between the United States and Finland provides that extradition "shall be refused" if the charged offense is barred under the statutes of limitations of either the United States or Finland Here, the applicable U.S. statute of limitations expired before Finnish authorities initiated criminal proceedings. Thus, extradition is barred. In ruling otherwise, the Magistrate Judge applied an incorrect tolling standard.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

There is no dispute that, absent tolling, the 5-year U.S. statute of limitations applicable here would have expired. See Dkt. No. 27, Memorandum Opinion. The last alleged offense conduct is Jan. 24, 2002, and Finland did not initiate criminal proceedings against Liuksila until approximately five years and nine months later on Oct. 23, 2007. Liuksila took no intentional act to evade justice during this time frame. His location in the United States was known to Finnish authorities, and he was in regular contact with them. The Magistate Judge, however, erroneously ruled that Liuksila's mere absence from Finland acted to toll the statute of limitations.

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes                    ☐ No

**GROUND TWO:** The Extradition Treaty between the United States and Finland provides that extradition "shall be refused" if the charged offense is time barred under the statutes of limitations of either the United States or Finland. Like its U.S. counterpart, the Finnish statute of limitations expired before Finnish authorities acted to properly serve Liuksila with a summons. In ruling otherwise, the Magistrate judge relied on incompetent proof.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

There is no dispute that, absent tolling, the 10-year Finnish statute of limitations would have expired, since more than 12 years elapsed from the alleged conduct to Liuksila's arrest. Under Finnish law, only proper service of a criminal summons on the accused can toll the limitations period. To meet its burden on tolling, the Government relied upon a representation made by the Justice Department to Finnish authorities that Liuksila had been served with a summons in July 2009. However, the Government produced no admissible evidence proving that such service ever actually took place. The Magistrate Judge erred by accepting these unsupported assertions of service as a basis for finding tolling under the Finnish statute of limitations.

(b) Did you present Ground Two in all appeals that were available to you?

☑ Yes                    ☐ No

**GROUND THREE:** When certifying extradition, the Magistrate Judge failed to conduct an independent inquiry requiring the Government to meet its burden for establishing tolling under the Finnish and United States statutes of limitations, as required by the Due Process Clause of the United States Constitution.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

With respect to tolling, the Magistrate Judge concluded that she was obliged to respect the "finding of the District Court of Turku" that Liuksila had been "summoned to appear before the District Court in Turku to answer the charges." Dkt. No. 27. However, a U.S. extradition court is obligated to make an independent findings regarding the evidence presented by the Government to support extradition, including with respect to its consideration of whether the Government has sustained its burden on tolling. By failing to make such an independent assessment in this case, the Court erred.

(b) Did you present Ground Three in all appeals that were available to you?

☑ Yes                    ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**     In order for extradition to be lawful, the requirement of "dual criminality" must be met, meaning that the alleged conduct must constitute a crime in both the requested and requesting jurisdiction. In Liuksila's case, the Government failed to demonstrate that the Finnish offense for which Liuksila is sought -- the charge of aggravated fraud by a debtor -- corresponds with any equivalent crime in the United States.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The charge for which Liuksila is sought in Finland has no corollary in the United States.  The charge is based upon a debtor giving false or incomplete information in a Finnish "debt enforcement inquiry," an informal pro-ceeding under Finnish law in which the government acts a debt collector for a single private creditor. There is no corresponding law in the United States that compels a debtor to disclose his assets or that subjects him to criminal sanction if he fails to do so.  For that reason, the dual criminality requirement is not met.

(b) Did you present Ground Four in all appeals that were available to you?

☑Yes                    ☐No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do:  Liuksila requests that this Court determine that the Certification and Committal for Extradition (Dkt. No. 47) entered by the Magistrate Judge is invalid, and further hold that Liuksila's extradition to Finland would violate the Extradition Treaty between the United States and Finland and the laws and Constitution of the United States. Pursuant to such a ruling, Liuksila  requests that he be released from any and all bail conditions imposed upon him by the Magistrate Judge's order.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _January 20, 2016_ _____
                                          *Signature of Petitioner*

                                          _____  (Dated 02/09/16)
                                          *Signature of Attorney or other authorized person, if any*