UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARNO OLAVI LIUKSILA, <br><br> Petitioner, <br><br> v. <br><br> ROBERT F. TURNER, <br><br> Respondent. | Case No. 16-cv-00229 (APM) |

**MEMORANDUM OPINION AND ORDER**

Following the denial of his Petition for Writ of Habeas Corpus, *see* Mem. Op., ECF No. 45 [hereinafter Mem. Op.], Petitioner Aarno Olavi Liuksila asks the court to stay his extradition pending appeal to the D.C. Circuit, *see* Pet.'s Mot. to Stay, ECF No. 48 [hereinafter Pet.'s Mot.]. Respondent opposes Petitioner's request. *See* Resp.'s Opp'n to Pet.'s Mot., ECF No. 50 [hereinafter Resp.'s Opp'n]. For the reasons discussed below, Petitioner's Motion is granted.

This court recently discussed the applicable standard for a stay pending appeal in *Cigar Ass'n of America v. U.S. Food & Drug Admin.*, 317 F. Supp. 3d 555, 560–61 (D.D.C. 2018). The court need not repeat that discussion here, but it suffices to say that the court applies the "sliding scale" approach that remains the law of this Circuit. *See id.* Here, the four factors the court must consider weigh in favor of a stay.

*First*, for the factor of likelihood of success on the merits, there can be little doubt that Petitioner's appeal will involve "serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation and thus for more deliberative investigation." *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (quoting *Wash. Metro. Area*

*Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)). In denying Petitioner's motion, the court urged the D.C. Circuit to revisit and reverse *McGowen v. United States*, 105 F.2d 791 (D.C. Cir. 1939), which compelled the court's conclusion that the U.S. five-year limitations period has not run on Plaintiff's conduct. *See* Mem. Op. at 2–4, 30–35. Petitioner's appeal promises to challenge the continuing validity of *McGowen* and therefore will present serious and substantial legal questions on the merits.

*Second,* Petitioner will suffer irreparable harm if a stay is not granted. Without a stay, Petitioner could be extradited to Finland to face criminal charges. The United States has not promised otherwise. *See* Resp.'s Opp'n at 5 n.4 (stating only that it will not surrender Petitioner during the pendency of this stay motion). Although the Supreme Court has held in a different context that removal from the United States by itself is not "categorically irreparable," *Nken v. Holder*, 556 U.S. 418, 435 (2009), this case stands on a much different footing. Unlike the petitioner in *Nken*, Petitioner here will not merely have to leave the United States; he will also face prosecution in Finland, and possible loss of liberty, for an offense that might not be extraditable under the U.S.-Finland Extradition Treaty because it is time-barred. *See Stogner v. California*, 539 U.S. 609, 613 (2003) ("[A]n act condoned by the expiration of the statute of limitations is no longer a punishable offense.") (quoting H. Black, *American Constitutional Law* § 266, at 700 (4th ed. 1927)). Furthermore, his extradition will render his appeal moot. *See Lindstrom v. Graber*, 203 F.3d 470, 474 (7th Cir. 2000); *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986). Such devastating consequences constitute irreparable harm. *Demjanjuk v. Meese*, 784 F.2d 1114, 1118 (D.C. Cir. 1986) (Bork, J.) (although denying stay, observing that "imminent extradition of petitioner to Israel may qualify as a threat of irreparable harm"); *Nezirovic v. Holt*, No. 7:13CV428, 2014 WL 3058571, at *2 (W.D. Va. July 7, 2014) (finding irreparable harm on the ground that

habeas petitioner's appeal would be moot if he were extradited); *Gamez v. Stafford*, No. 12-CV-1632, 2012 WL 4471579, at *2 (S.D. Cal. Sept. 25, 2012) (same).

*Third*, both the government and public interests weigh in favor of a stay. *See Nken*, 556 U.S. at 435 (noting that the third and fourth factors—harm to the opposing party and the public interest—"merge when the Government is the opposing party"). There is a public interest in ensuring that a person is not wrongfully surrendered to face prosecution abroad. *Cf. id.* at 436 (observing that "there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm"). That public interest is only heightened in this case, where Petitioner will argue that the D.C. Circuit should harmonize its interpretation of the federal criminal tolling statute with nearly every other federal circuit to have addressed the issue. There is public interest in promoting uniformity in the law. *Cf. N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.*, 991 F.2d 458, 464 (8th Cir. 1993) (recognizing, in the context of a preliminary injunction, a public interest in "uniformity in the regulation of radioactive materials"). Although Respondent is correct that the public likewise has an interest in the United States promptly fulfilling its legal obligations to its treaty partners, *see Artukovic*, 784 F.2d at 1356, the balancing of hardships in this case favors Petitioner.

Accordingly, Petitioner's Motion to Stay is granted. This court's order denying the habeas corpus petition, *see* Order, ECF No. 46, is stayed pending the conclusion of appellate proceedings in the D.C. Circuit, including any *en banc* review. Petitioner shall remain on the same conditions of release pending the outcome of the appellate proceedings.

Dated: December 18, 2018

Amit P. Mehta
United States District Judge